Good morning, your honors. May it please the court. Pat Whalen for appellant in this court, respondent below. The question in this case is, what is the holding in Feretta? Feretta was quite clear throughout the opinion that the right to represent oneself may be exercised, if made or requested, weeks prior to trial. Feretta said nothing else about whether it could be exercised in the middle of trial. Well, nor did the district court or the trial court here say anything else other than that the person wasn't qualified. Yes. In fact, it excerpts of record are 42. The trial court expressed great concern about the timing of this request. I will not deny that the trial court in this case did seem concerned with the scene, concerned with the qualifications. You don't think it's clear that that's the basis of his decision? I think certainly there's no doubt that that's a component of it. Well, no, there's no doubt that there's a component. What I ask you is, is it not clear to you that that was the basis of the decision? No, I think it was also concerned with the timeliness. As it said, I'm very concerned with the timing of this motion. Nevertheless, even if the trial court had said explicitly, the only reason I am denying this is because I do not believe you're qualified to represent yourself. That would be OK. Why would that be OK? What is it that we are looking at? Do we look only at the result in the state court? Absolutely. Or if the state court expresses its reasoning, are we to look at both? You are to look at the result of the adjudication of the claim in state court. Well, what are you going to do about the Supreme Court's decision in early, which states that? Indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result of the state court decision contradicts them. Should we just eliminate neither the reasoning? I believe Justice O'Connor was talking about in the context of where you have a state court adjudication that does not reference the Supreme Court authority, we have to now look and see what was the state court doing. But if it does refer to the Supreme Court authority, then they can have the wrong reasoning. Only if they don't refer to it can they not have the wrong reasoning. In fact, this Court has recognized that principle already in Fernandez v. Small. Since early? No. Well, the new rule is what we follow isn't early. And as I read early, that was limited to a situation where the state court did not refer to the Supreme Court authority. But even if this Court rejects my position on that point, the point is that the United States Supreme Court has never told us what factors control with a mid-trial request for self-representation. There just simply hasn't been any clearly established. That's right. They may not have. Let's assume that. But that's not the basis of the decision. It's not the reasoning of the decision. So if we read early, when it says neither the reasoning nor the result of the decision, it's okay so long as neither the reasoning nor the result contradicts them. If we read that as including reasoning, and the Court's reasoning here is that the person was not competent enough, then timing becomes irrelevant. So you can't say even if you're wrong about that. The only way you could prevail is if this analysis is, as you say, only applies if the Court doesn't mention the case. I respectfully disagree, Your Honor. That's not the only way I can prevail. That is one way I can prevail. The other way I can prevail is if this Court understands that the United States Supreme Court has never told us what factors trial courts should consider with a mid-trial request for self-representation. Once the train leaves the station, once trial is underway, the balance is all different. And Feretta didn't address that. In fact, Justice Blackmun in the dissent pointed out, what do we do with mid-trial requests? We don't know. And so once a trial is underway, the attorney, the counsel for the defendant, has already called witnesses, has already set the stage for a certain type of defense. Allowing a mid-trial request, it changes the balance of factors. Because now, even if we allow the defendant to kick off his counsel in the middle of trial, that defendant is not necessarily going to get the defense he wants, which was the concern in Feretta, because we've already got the witnesses who have already testified halfway through the trial. Are we to say that with five minutes left in trial, the defendant can stand up and say, Your Honor, I want to kick off my counsel and call 20 new witnesses that haven't been called? You're absolutely on firm ground insofar as the district court would have said what you're saying. And I guess that's my difficulty with your argument. Had the trial court said, You can't do this at the last minute. I'm confident that you're just too late and you're stuck because you're too late. I don't think we'd be having this discussion. The issue is when the trial court reaches a permissible result by a wrong route, what do we do? Because I think it is, it seems to me at least, fairly clear that saying, You're not a very good lawyer, isn't an acceptable reason under Feretta. So what Supreme Court case other than Early is there to guide us in looking at a situation where there's a wrong reason for an otherwise permissible result? You hit the nail on the head, Your Honor. It's not enough for the state court to be wrong. It has to be unreasonable. But in what? In its reasoning or its result? That's what I keep coming back to. I've already made my pitch for what Early meant. But having discussed that, I think it's irrelevant. It can be wrong in either its reasoning or its result. The question under ADPA is, Is it unreasonable? And I brought to court today the entire landscape of what the U.S. Supreme Court said, has said about mid-trial Feretta requests. It's here. It's nothing. This trial court's writing on a blank slate. The trial court could say whatever it wants to do for a mid-trial request. The new factors is X, Y, and Z. And the question for this court is, Are those factors? Is that reasoning unreasonable? And it's not at all unreasonable for a trial court to say, You know what? Clearly, if you would exercise this right of representation weeks before trial, I would have to grant it. But we're in the middle of trial. We're almost done. We're two-thirds of the way through the case. Different factors apply. I'm going to consider not just the delay, the end time list. I'm going to consider your ability to represent yourself. I'd also note, just as kind of a side note, the Ninth Circuit has, on occasions before, gone ahead and looked at a denial of a Feretta request and said, You know what? We're just going to infer that it would have been untimely or would have necessitated a continuance. So the fact that the trial court did not expressly rely on that is by no means a bar. The question is, Did the trial court's reasoning, was it unreasonable? And I don't think we can sit here in the absence of any Supreme Court authority on that point and say no court could ever come up with that. In fact, we already know from Martinez, the U.S. Supreme Court's case about counsel on appeal, you can't exercise your right on appeal. So we know you can do it prior to trial. As proceedings progress along, you can't do it at the appellate stage. We're in between. We're in between there. And so we know that we have two points on the line. We haven't filled in the line in the middle. So the trial court has every right to exercise its discretion. If the United States Supreme Court comes out tomorrow and says that we're going to extend Cadenas to mid-trial and you cannot use those factors, then we'll know. Then we'll have clearly established the United States Supreme Court precedent. But we do not in this case. I'd like to reserve whatever remaining time. Thank you, counsel. Thank you, Your Honor. Good morning. May it please the Court, I'm Matthew Alger, counsel for the appellee Megan Van Lin. As this Court apparently recognizes, the actual issue in this case is not what is the holding in Feretta. It is whether the state trial judge employed the correct standard of competence, whether he employed an unreasonable standard of competence in light of the United States Supreme Court's decisions. Counsel, do you agree that had the trial court said you are way untimely, it's just like hybrid representation at this point, you just can't do it now, that we would find that to be permissible? Well, if not permissible, then at least we might say there's no clearly established law that allows us to reverse that. I'm not going to concede that the state trial judge's ruling would have been permissible had it been based upon timeliness, because the United States Supreme Court, in the Feretta decision, did not limit the right to self-representation to pretrial requests. The holding in Feretta is clearly stated in footnote one of that decision, and it makes no reference. It's an odd place for a holding. Excuse me? I didn't. It's an odd place for a holding in a footnote. It is. But if you read the opinion, I think you'll find that that's where it's actually stated. The court states this is the issue, that's what Justice Stewart said, may a state constitutionally hail someone into state court and force counsel upon them. We answer that question, no. Now, that's a clear statement of the issue and the holding right there. So it wasn't limited to pretrial requests. I'd like you to assume for the purpose of my next question that we would not grant relief in a situation in which a trial court in this setting had said it's too late. Assuming that that's the case, is it your position that we look at the reasoning, even though the bottom line was a permissible bottom line, if the reasoning given is wrong, then we can't uphold it? Yes. That is exactly my position. You asked counsel earlier. So let's take a case in which the issue is even more clear. Let's say that the person truly isn't competent under anybody's definition of competent, but the trial judge, instead of saying I won't let you represent yourself because you're incompetent, says, you know, it's Wednesday and I never grant these on Wednesday, even though the evidence is there. Do we still grant relief in that situation if the bottom line is clear but the reasoning is ridiculous? Yes, unless you can infer that the trial judge made an implicit finding that one of the reasons for refusing the request for self-representation was that the defendant was, in fact, incompetent to give up his right to counsel. And from the timing, you don't think that we can infer that timing is an issue? Not in this case. Counsel, in his brief and oral argument this morning, indicates that timing was an issue. But if you read the record, you give it a fair reading, you take the statements in context, it's clear that timing, timeliness or untimeliness played absolutely no role in the state trial judge's decision to refuse to allow Ms. Van Lin to represent herself. I think what counsel is referring to is the state trial judge's comments at I believe it's page 41, 42, of the excerpt of the record. In any event, what happened is that the state trial judge said that he was concerned, that he had some question why this motion is brought during the third week of trial. And then he went on to say, I'm denying the motion. Ms. Van Lin will represent herself with her. Is that a typographical error? He says I'm denying the motion, she will represent herself? No. Because then he goes on to say that she'll be. He didn't say I'm denying her motion to represent herself. He said I'm denying the motion. Ms. Van Lin will be allowed to represent herself. What motion was he denying? The Marsden motion. It's clear from the context of his statements that that's what he meant. He meant the Marsden motion to substitute counsel, not the Feretta motion. So timeliness played absolutely no role in the Court's decision. Not whatsoever. And, Justice, you asked earlier what Supreme Court cases there are that guide us in this particular case. Well, recently the United States Supreme Court decided Wiggins v. Smith and stated the same thing as it stated in the Williams v. Taylor case, and that is that a federal court may grant habeas corpus relief when the state court identifies the correct governing legal principle from the United States Supreme Court's decisions but unreasonably applies that principle to the facts. Well, that's exactly what you had here. The state trial judge identified the Feretta right to self-representation. He mentioned Feretta by name. He wasn't applying some lesser watered-down right to self-representation created by the California Supreme Court. He was applying Feretta, and the state trial judge made it clear that he recognized that in order to exercise the right under Feretta to self-representation, one has to be competent. But the state trial judge applied the wrong standard of competence, which was the competence to adequately act as your own lawyer. And also the United States Supreme Court decided in the Sawyer v. Smith case, which is cited in the appellant's brief, that the purpose of the Teague rule is to validate reasonable interpretations of existing precedents. Well, in this particular case, the state trial judge's interpretation of the competence standard is not reasonable in light of the existing precedents and, in fact, was contrary to them. For the legal landscape at the time that the state trial judge made his decision was such that the United States Supreme Court had decided Feretta, decided there is a right to self-representation, and that one's technical legal knowledge is not relevant to the decision to represent oneself. And the United States Supreme Court, several months before the trial judge reached his decision in this case, had decided Godinez v. Moran and made it clear that the competence necessary to represent oneself is the competence to waive the right to counsel, to give that right up, and to choose to represent oneself. So the trial judge's decision in this case was clearly contrary to that existing precedent. Ms. Van Lin made clear that she was willing to represent herself in spite of the pitfalls of doing so. That's clear from the record. And the trial judge, nonetheless, denied her request to represent herself. And as I said, that's contrary to the existing precedent. It was an unreasonable application of that precedent, and therefore the district court's decision granting habeas corpus relief should be upheld. The last thing I'd like to say is that the Martinez case simply is not relevant to the resolution of this issue. Martinez involved the right or a request to represent oneself on appeal, and the right to counsel on appeal is not based upon the Sixth Amendment, whereas the right to counsel at trial is based upon the Sixth Amendment. It's a trial right, not a right on appeal, and so a whole different interest, a whole different legal principle applies. Thank you, counsel. Thank you. Your Honor, if the Supreme Court came out next term with a decision that says, for mid-trial requests for self-representation,  including the defendant's ability to effectively represent themself, that decision would likely explain that it did not contradict or overrule Ferretta because Ferretta concerned pretrial requests, and it would point to language in Martinez which said, quote, even at the trial level. Well, I suppose you'd make that argument if the requests were made. How long before trial was it made in Ferretta? A couple of weeks. If it had been made the day before trial, you'd say the Supreme Court has never decided whether a request a day before trial is good, and there may be a different standard, or maybe a different standard if it's one week before trial. Well, I would say that it wasn't clearly established, just like this Court said the same thing in Moore v. Calderon. So the cases are really only good for the specific facts, the Supreme Court cases. To a certain extent, yes. A case is only authority for what happens. Since your office wrote this provision of the habeas law, maybe they should have consulted you because I didn't think they could have made it any more difficult. But listening to you, I think they could have. Well, I won't agree that it's not a model of clarity. But getting back to my point, if the Supreme Court came out with such a decision next term, okay, they would point out that that decision was not contrary to Ferretta because Ferretta did not address that. We don't have that decision right now. We have an empty slate. The trial court, the language in early that we're talking about, the reasoning nor the results, so long as neither the reasoning nor the results of the state court decision contradicts them, them being the United States Supreme Court cases, we have none. There is nothing that the trial court did contradict. Okay, counsel, your time is up. I might not – I don't see any reason to conceal from you the fact that I'm not, let's say, entirely persuaded by your argument, but I do think you made an excellent one. Thank you, Your Honor. Okay. The case here will be submitted. The court will stand adjourned.
judges: Reinhardt, Graber, Rhoades